UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE OLGUIN,<br><br>    Plaintiff,<br><br>v.<br><br>J. GASTELO *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-06048-PA (MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I. INTRODUCTION

On July 6, 2020, Plaintiff Lee Olguin ("Plaintiff"), a California state inmate proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) That same day, Plaintiff filed a Request to Proceed *In Forma Pauperis* (ECF No. 2), which the Court granted on July 8, 2020 (ECF No. 4). On August 3, 2020, the Court screened and dismissed the Complaint with leave to amend ("Order"). (Order, ECF No. 6.) Plaintiff filed a First Amended Complaint ("FAC") on October 5, 2020. (FAC, ECF No. 10.)

The Court has screened the FAC as prescribed by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, the FAC is **DISMISSED**

**WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** to, within thirty days after the date of this Order, either: (1) file a Second Amended Complaint ("SAC"); or (2) advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a SAC.

## II.    SUMMARY OF ALLEGATIONS AND CLAIMS[1]

The FAC is filed against: (1) Correctional Officer J. Cable (individual and official capacities); (2) Correctional Officer Day (individual and official capacities); and (3) Correctional Sargent Siordia (individual and official capacities) (each a "Defendant" and collectively, "Defendants"). (Compl. 3.)[2] Defendants were acting under color of law as correctional officers. (*Id*. at 5.)

On February 24, 2019, Defendants Cable and Day approached Plaintiff's cell and asked him to "cuff up." (*Id*.) Plaintiff complied. (*Id*.) When Plaintiff asked what was happening, Defendants stated that he was "going to the program office to be in route to ad-seg due to an enemy on the yard." (*Id*.) Plaintiff never resisted or became combative. (*Id*.) At the program office, Plaintiff asked to speak to an "authority figure." (*Id*.) Defendant Day said "Shut the f—k up," pulled Plaintiff's arms up, twisted his hands to restrain Plaintiff, and slammed Plaintiff's head into the wall. (*Id*.) A bone in Plaintiff's left hand broke. (*Id*.) Defendant Cable did nothing to stop Defendant Day. (*Id*.)

Plaintiff reported the incident to "medical" and to Defendant Siordia. (*Id*.) Defendant Siordia threatened Plaintiff and forced him to sign a paper stating that Defendants Day and Cable never assaulted him. (*Id*.)

---

[1] The Court summarizes the allegations and claims in the FAC. In doing so, the Court does not opine on the veracity or merit of Plaintiff's allegations and claims, nor does the Court make any findings of fact.

[2] Citations to pages in docketed documents reference those generated by CM/ECF.

2

Plaintiff suffered physical injuries requiring multiple operations, including a plate and screws for reconstruction. (*Id*.) Plaintiff also has suffered mental and emotional damage, requiring psychiatric hospitalization. (*Id*.)

Based on the foregoing, Plaintiff asserts claims for violations of the First, Eighth, and Fourteenth Amendments, and seeks compensatory and exemplary damages. (*Id*. at 5–6).

### III. STANDARD OF REVIEW

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § Section 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)). To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although "detailed factual allegations" are not required, "an

unadorned, the-defendant-unlawfully-harmed-me accusation"; "labels and conclusions"; "naked assertion[s] devoid of further factual enhancement"; and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to defeat a motion to dismiss. *Id.* (quotations omitted). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

In reviewing a Rule 12(b)(6) motion to dismiss, courts will accept factual allegations as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm*, 680 F.3d at 1121. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). However, the liberal pleading standard "applies only to a plaintiff's factual allegations." *Neitzke v. Williams,* 490 U.S. 319, 330 n.9 (1989), *superseded by statute on other grounds*, 28 U.S.C. § 1915. Courts will not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003). In giving liberal interpretations to complaints, courts "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

///

///

## IV. DISCUSSION

### A. Section 1983

Section 1983 provides a cause of action against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alteration in original) (quoting 42 U.S.C. § 1983). The purpose of Section 1983 is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id*. To state a claim under Section 1983, a plaintiff must allege: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, the FAC alleges that Defendants violated Plaintiff's First, Eighth, and Fourteenth Amendment rights. (FAC 5–6.) As discussed below, the Court concludes that the FAC states an Eighth Amendment claim against Defendants Cable and Day, but that it does not state any claims against Defendant Siordia, or any claims pursuant to the First and Fourteenth Amendments.

### B. Official Capacity Claims

While the Complaint only asserted claims against the defendants in their individual capacities (*see* Compl. 3), the FAC adds claims against Defendants in their official capacities (*see* FAC 3). A suit against a defendant in his or her individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law . . . . Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). The

FAC alleges that Defendants are employed at California Men's Colony, a state prison. (FAC 3.) As such, any official capacity claims against Defendants are treated as claims against the State of California. *See Leer v. Murphy*, 844 F.2d 628, 631–32 (9th Cir. 1998) (explaining that a lawsuit against state prison officials in their official capacities was a lawsuit against the state).

California is not a "person" subject to Section 1983, and the Eleventh Amendment bars damages actions against state officials in their official capacity. *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Nat. Res. Def. Council v. Cal. DOT*, 96 F.3d 420, 421 (9th Cir. 1996) ("State immunity extends to state agencies and to state officers, who act on behalf of the state and can therefore assert the state's sovereign immunity."). There are only three exceptions to state sovereign immunity, none of which apply to the FAC: (1) waiver by the state, (2) abrogation by Congress, and (3) the *Ex parte Young* doctrine. *See Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]" *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (alteration in original) (quoting *Dittman*, 191 F.3d at 1025–26). Finally, the narrow *Ex parte Young* exception to sovereign immunity does not apply because the FAC does not allege an ongoing violation of federal law and does not seek prospective relief. *See Miranda v. Kitzhaber*, 328 F.3d 1181, 1189 (9th Cir. 2003).

For these reasons, Plaintiff's claims against Defendants in their official capacities fail. If Plaintiff includes claims for damages against Defendants in their official capacities in any amended complaint, such claims will be subject to dismissal.

///

///

### C. Individual Capacity Claims

#### 1. Eighth Amendment Cruel and Unusual Punishment[3]

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits cruel and unusual punishments. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). An Eighth Amendment claim against prison officials must allege sufficient facts to satisfy a two-prong test: (1) an objective standard—"the alleged wrongdoing was objectively harmful enough to establish a constitutional violation"; and (2) a subjective standard—"a sufficiently culpable state of mind." *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

#### a. *Objective Standard*

The objective component is contextual—that is, it depends upon the claim at issue—and also is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "[A] prisoner asserting an Eighth Amendment claim 'must objectively show that he was deprived of something 'sufficiently serious.'" *Bearchild*, 947 F.3d at 1141 (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)). "That objective standard remains constant, but what constitutes a sufficiently serious deprivation may evolve as 'the

---

[3] The FAC asserts that Defendants Cable and Day violated Plaintiff's rights pursuant to both the Eighth and Fourteenth Amendments. (*See* FAC 6.) However, the Fourteenth Amendment's Due Process Clause protects pretrial detainees from excessive force, while the Eighth Amendment's Cruel and Unusual Punishment Clause protects convicted prisoners. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1069–70 (9th Cir. 2016).

7

basic mores of society change.'" *Id.* (quoting *Kennedy v. Louisiana*, 554 U.S. 407, 419 (2008)).

Here, the FAC alleges that Defendant Day pulled Plaintiff's arms up, twisted his hands to restrain Plaintiff, and slammed Plaintiff's head into the wall. (FAC 5.) As a result, a bone in Plaintiff's left hand broke, requiring multiple operations, including a plate and screws for reconstruction. (*Id.*) These allegations allege a sufficiently serious deprivation, and thus satisfy the objective prong of the Eighth Amendment.

### b. *Subjective Component*
#### i. Defendant Day

"[T]he subjective inquiry for excessive force claims 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Bearchild*, 947 F.3d at 1140 (quoting *Hudson*, 503 U.S. at 6). Five factors are considered in making this determination: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028–29 (9th Cir. 2013) (quoting *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003)). When weighing the merits of excessive force claims, "prison staff should be 'accorded wide-ranging deference.'" *Bearchild*, 947 F.3d at 1140 (quoting *Wood v. Beauclair*, 692 F.3d 1041, 1050 (9th Cir. 2012)).

Here, the FAC alleges that, in response to Plaintiff's request to speak with an authority figure, Defendant Day said "Shut the f—k up," pulled Plaintiff's arms up, twisted his hands to restrain Plaintiff, and slammed Plaintiff's head into the wall. (FAC 5.) The FAC asserts that Plaintiff was not combative or resistant. (*Id.*) As a result of Defendant Day's use of force, a bone in Plaintiff's left hand broke, for

8

which he required multiple operations, including a plate and screws for reconstruction. (*Id*.) These allegations are sufficient to satisfy the Eighth Amendment's subjective prong with respect to Defendant Day.

> ii. Defendant Cable

"To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 823. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991)). Deliberate indifference is met only if the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 834. "Deliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (alterations in original) (citing *Farmer*, 511 U.S. at 835).

Here, the FAC alleges that Defendant Cable was present throughout Defendant Day's use of excessive force on Plaintiff, yet Defendant Cable failed to intervene and did nothing to stop Defendant Day. (FAC 5.) "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). The FAC satisfies the Eighth Amendment's subjective prong with respect to Defendant Cable.

For these reasons, the FAC sufficiently states Eighth Amendment claims against Defendants Cable and Day in their individual capacities.

### 2. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "[M]ere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, circumstantial evidence—such as suspect timing, inconsistent determinations based on the same evidence, and oral statements—may suffice to infer retaliatory intent. *See Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). A plaintiff bears the initial burden of showing that the exercise of his First Amendment rights was a "substantial" or "motivating" factor behind the defendant's conduct. *Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir. 1989).

The FAC alleges that after Plaintiff reported the incident to Defendant Siordia, Defendant Siordia threatened Plaintiff and forced him to sign a paper saying that Defendants Day and Cable never assaulted him. (FAC 5.) These allegations do not satisfy any of the requirements of a First Amendment retaliation claim. In contrast, the Court concluded that the Complaint sufficiently stated a First Amendment retaliation claim against Defendant Siordia. (*See* Order 10–11.) However, the FAC inexplicably omits the relevant allegations from the Complaint that successfully stated a First Amendment claim against Defendant Siordia. (*Compare* Compl. *with* FAC.) If Plaintiff includes a First Amendment retaliation claim against Defendant Siordia in any amended complaint, he must correct these deficiencies or risk its dismissal.

///

### 3. Fourteenth Amendment Procedural Due Process

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits the government from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). To plead a procedural due process violation, a plaintiff must allege two elements: (1) the plaintiff has a "liberty or property interest which has been interfered with by the State"; and (2) the procedures employed to deprive the plaintiff of liberty or property were constitutionally insufficient. *Ky. Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

Here, the FAC alleges that Defendant Sioria forced Plaintiff to sign a paper stating that Defendants Day and Cable never assaulted him. (FAC 5.) This allegation can be construed as an assertion of a Fourteenth Amendment procedural due process claim. However, the FAC does not satisfy either of the two required elements for such a claim. First, procedural due process "protections adhere only where the deprivation implicates a protected liberty interest.'" *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). The FAC does not allege a deprivation of a protected liberty interest resulting from the statement. (*See generally* FAC.) Indeed, the FAC fails to allege how the statement caused Plaintiff to suffer any harm at all, let alone a constitutionally-protected liberty interest. (*See generally id.*) Second, the FAC does not allege any procedural defects involving the statement. (*See generally id.*) Indeed, the FAC does not allege that Plaintiff was subject to any procedural process at all, with or without the statement. (*See generally id.*)

For these reasons, the FAC fails to state a Fourteenth Amendment procedural due process claim. If Plaintiff includes such a claim in any amended complaint, he must correct these deficiencies or risk its dismissal.

## V. CONCLUSION

For the reasons stated above, the Court **DISMISSES** the FAC **WITH LEAVE TO AMEND**. Plaintiff may have another opportunity to amend and cure the deficiencies given his *pro se* status. Plaintiff is **ORDERED** to, within thirty days after the date of this Order, either: (1) file a SAC, or (2) advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a SAC.

The SAC must cure the pleading defects discussed above and shall be complete in itself without reference to the Complaint. *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the SAC again. Plaintiff shall not include new Defendants or new allegations that are not reasonably related to the claims asserted in the FAC.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Rule 8, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a SAC, or timely advise the Court that Plaintiff does not intend to file a SAC, will result in a recommendation that this action be dismissed for failure to prosecute and/or**

**failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a strike under 28 U.S.C. § 1915(g). Instead, Plaintiff may request voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Plaintiff's convenience.**

Plaintiff is advised that this Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

IT IS SO ORDERED.

DATED: October 22, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

Attachments

Form Civil Rights Complaint (CV-66)

Form Notice of Dismissal